```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

       v.       Criminal No. 07-50031-001

**COBY TOWNSEND HURST**                                                **DEFENDANT**

## O R D E R

Now on this 10th day of September, 2007, come on for consideration the following motions:

* **Motion For Bond Hearing** (document #20);

* **Motion To Suppress Evidence** (document #21);

* **Motion To Subpoena Records** (document #22); and

* **Motion To Subpoena Records** (document #23),

and from said motions, and the responses thereto, the Court finds and orders as follows:

1. Defendant is charged by Indictment with being in possession of a firearm which had traveled through channels of interstate commerce, after he had been convicted of Terroristic Threatening, in violation of **18 U.S.C. §922(g)(1)** and **924(a))2)**. He is represented by retained counsel, but he has filed the four motions now under consideration on his own behalf. The Court is under no obligation to entertain *pro se* motions filed by represented parties, **U.S. v. Agofsky**, **20 F.3d 866 (8th Cir. 1994)**, but the government has responded to the pending motions, and the Court has chosen to address them to a limited extent.

2. In his Motion For Bond Hearing, defendant contends that he "has not been given the fair opportunity to show he can meet the conditions or combination of conditions required" to make his court appearances. This is incorrect. Hurst was afforded a bond hearing before United States Magistrate Judge James Marschewski, at which time he was free to raise any arguments he had in favor of bond. This motion will, therefore, be denied.

3. In his Motion To Suppress Evidence, defendant asserts that the police stopped him, searched his car, and arrested him, all without probable cause, reasonable suspicion, or exigent circumstances. He reasons that the weapon seized during the search of his car, and any statements taken from him related to his arrest, are fruits of this search which must be suppressed.

The issues raised by the Motion To Suppress Evidence are complex issues, and the Court believes that if they are to be formally addressed, they should be asserted by defendant's retained counsel, and presented at an evidentiary hearing by retained counsel. The Court will, therefore, deny defendant's *pro se* Motion To Suppress Evidence, but without prejudice to his right to assert the same arguments in a motion filed by his retained counsel, should that counsel find the issues to have sufficient merit.

4. In defendant's first Motion To Subpoena Records, he asks for a subpoena for the records of the ADT Home Security settings

for his residence.  In his second Motion To Subpoena Records, he asks for a subpoena for telephone records "to his residence."  He does not indicate why he wants these records, but if they are of moment to his defense, his retained counsel can subpoena them without the Court's assistance.  These motions will, therefore, be denied.

**IT IS THEREFORE ORDERED** that defendant's *pro se* **Motion For Bond Hearing** (document #20) is **denied.**

**IT IS FURTHER ORDERED** that defendant's *pro se* **Motion To Suppress Evidence** (document #21) is **denied,** without prejudice to his right to assert the same arguments in a motion filed by his retained counsel.

**IT IS FURTHER ORDERED** that defendant's *pro se* **Motion To Subpoena Records** (document #22) and *pro se* **Motion To Subpoena Records** (document #23) are **denied.**

**IT IS SO ORDERED.**

                                          /s/ Jimm Larry Hendren
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**