```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

      v.       Criminal No. 07-50031-001

**COBY TOWNSEND HURST**                                                            **DEFENDANT**

## O R D E R

Now on this 12th day of October, 2007, the Court conducted a competency hearing regarding the issues of

(a) whether defendant is able to understand the nature and consequences of the proceedings in this matter and to assist properly in his defense; and

(b) whether he was insane at the time of the offense charged in the Indictment.

The government was represented by its attorney Candace Taylor; Mr. Hurst was present and represented by his attorney Paul Smith. The only witness was David Edward Morrow, Ph.D., a Forensic Psychologist affiliated with FDC Englewood, who testified via video-conference.

Dr. Morrow had conducted a mental health evaluation of Mr. Hurst, pursuant to the Orders of this Court, and a copy of his Report was received as Government's Exhibit 1. Dr. Morrow testified that in his opinion Mr. Hurst is not presently competent to stand trial, but that there is a reasonable possibility that he can attain such competency by means of continued treatment. Dr. Morrow further testified that he could not, at this time,

determine whether or not Mr. Hurst was sane at the time of the alleged offense, but that further improvement in Mr. Hurst's mental health functioning might well allow him to make such a determination.  Dr. Morrow recommended that Mr. Hurst be sent to a Bureau of Prisons medical facility for additional treatment.

Neither party objected to Dr. Morrow's recommendation, and the Court finds from a preponderance of the evidence that Dr. Morrow's opinions are sound.

The Court further finds from a preponderance of the evidence that Mr. Hurst is presently mentally incompetent to the extent that he is unable to understand the nature and consequences of the legal proceedings against him or to assist properly in his defense.

The Court makes no findings, at this time, as to whether Mr. Hurst was sane at the time of the offense with which he is charged.

The Court further finds that with proper treatment there is a reasonable probability that Mr. Hurst can be restored to a condition of mental health sufficient to allow him to understand the nature and consequences of the legal proceedings against him and to assist properly in his defense, and sufficient to allow a determination of his mental condition at the time of the offense with which he is charged.

**IT IS THEREFORE ORDERED** that defendant Coby Townsend Hurst is

committed to the custody of the Attorney General, for treatment in a suitable facility for such reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the legal proceedings against him to go forward.  Within that period of time, the Director of the facility in which Mr. Hurst is hospitalized is directed to report to the Court the results of this additional treatment, and specifically to certify (a) whether or not Mr. Hurst is then able to understand the nature and consequences of the proceedings against him and to assist properly in his defense and (b) whether or not -- if it can be determined -- Mr. Hurst was sane at the time of the offense with which he is charged.

**IT IS SO ORDERED.**

        **/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**